JOHNSON *et al. v.* PINSON *et al.,* commissioners.

SHINGLER *et al. v.* PINSON *et al.,* commissioners.

1. On August 29, 1904, the county authorities levied a tax of $16 on each thousand dollars of the taxable property of the county, the proceeds of which were to be used in erecting a court-house and jail. On September 6, 1904, contracts were entered into for the erection of these buildings. On October 21, 1904, the county authorities suspended the collection of all the tax levied, above referred to, except $6 on each thousand dollars of taxable property. On September 28, 1905, the county authorities levied a tax to pay the legal indebtedness of the county, embracing in such levy a percentage sufficient to pay the balance due the contractors who were erecting the buildings above referred to. *Held,* that, the tax levy of 1905 having been adjudicated to be illegal, it was the duty of the county authorities to proceed to collect the balance due on the tax levy of 1904, the same being necessary to enable the county to meet its liabilities under the contracts of September 6, 1904, for the erection of said public buildings.

2. An order by the county authorities directing the tax-collector to proceed with the collection of the said balance due on the levy of 1904, for the purposes aforesaid, did not constitute a new tax levy or assessment, and did not fall within the provisions of the Political Code, § 406.

3. The fact that in making the levy of the extra tax as provided in the Political Code, § 395, the county authorities embraced said levy in an order assessing county taxes under section 404, did not render the levy of the said extra tax illegal, the same being embodied in a separate and distinct portion and paragraph of said order, substantially complete in itself.

4. When property owners had paid the taxes exacted under the illegal levy of September 28, 1905, made for the purpose of erecting the said public buildings, the county authorities could allow the amount so paid as a credit or set-off as against the amount which each would be required to pay under the levy of August 29, 1904, which the tax-collector was proceeding to collect in conformity with the law.

5. Under the pleadings and facts as they appear in the record, the court did not err in refusing the injunction.

Argued June 20,—Decided December 14, 1906.

Petition for injunction.    Before Judge Spence.    ·Worth superior court.    May 11, 1906.

These two cases were argued together, and are decided together, as the questions raised in both are the same, and the decision of the issues in either case necessarily controls the other.    On August 29, 1904, the board of commissioners of Worth county levied a tax of $16 on the thousand dollars of taxable property of the county, the proceeds of which were to be used for the erection of a court-house and county jail.    On September 6, 1904, contracts were entered into for the erection of these buildings.    On October 21, 1904, the commissioners passed an order directing the tax-collector to suspend the collection of said tax, except $6 on each thousand dollars of taxable property.    On March 28, 1906, the board of commissioners passed an order directing the tax-collector to collect the balance of the levy of August 29, 1904, the same being necessary to pay off the indebtedness incurred in erecting the court-house and jail contracted for on September 6, 1904.

This case was substantially before this court at the last term when an injunction was granted restraining the commissioners from collecting a new levy made in 1905.    *Johnson* v. *Pinson,* 126 *Ga.* 121, which see for complete statement of facts.    But the present action was brought to enjoin the collection of the balance of the levy of 1904, which had been suspended.    ·Petitioners allege that the board had no authority to pass an order for the collection of the balance on the levy of 1904; that the power of the board is limited to the year in which the tax was to accrue or to be collected; that no power is vested in the board to authorize the tax-collector to open his books after the same have been closed, and to reassess any tax whatever; that the time given the taxpayers in which to pay said tax was too short; that said board has power only to levy a tax for the purpose of building court-houses or jails, according to contract, and at the time of the levy the board had no contract for said buildings; and that the levy was exorbitant and unnecessary. The defendants demurred generally; and filed, besides a general denial, the pleas of lis pendens and res adjudicata.    The trial judge denied the application for temporary injunction, and the plaintiffs excepted.

*J. H. Hall* and *J. B. Hutcheson,* for plaintiffs.

*T. R. Perry* and *J. H. Tipton,* for defendants.

Beck, J. (After stating the facts.)

1. The decision rendered in the case of *Johnson* v. *Pinson,* 126 *Ga.* 121, rules and settles the present case upon every question of any gravity whatever in this record. In the case just cited the tax levies of 1904 and 1905 were attacked, as will appear from a glance at the petition in that case. The main attack was made upon the levy of 1905; in another portion of the petition it was alleged, that, "During the year 1904, the year in which said debt was contracted, the said county commissioners levied a tax sufficient to have discharged said indebtedness, as they were required by law to do; but said tax being so exorbitant and beyond the power of the taxpayers of the said County of Worth to pay the same within one year, that the said county commissioners rescinded their action, and only collected a part of said tax." But it was decided that as the county authorities had, on September 6, 1904, entered into contracts for the building of a court-house and jail, and as it appeared that the amounts to be paid under these contracts did not aggregate a sum in excess of the amount which would be the fruit of the tax levy, "the county authorities should have proceeded to collect the taxes as levied, and paid the same into the county treasury, to be there held to discharge the amounts due on the contracts at such times as it was provided in the contracts that the amounts should be payable. The levy of the tax was legal and proper. With such a levy in existence the contracts were valid and binding, and all that was to be done in the future was a compliance on the part of the contractors with their contract, and the payment to the contractors by the county authorities of the amounts stipulated in the contracts out of the proceeds of the tax levy. If this had been done, the whole transaction would have been regular from its inception to its conclusion." That the resolutions adopted by the board of commissioners of roads and revenues on the 21st day of October, 1904, directing the tax-collector to collect only a portion of the levy, did not have the effect that petitioners now contend should be given it, is also ruled in the same decision. Petitioners insist that by this said resolution the levy of August, 1904, was "rescinded," but "the county authorities had no right to rescind the levy or suspend the collection of the tax unless it became apparent that the amount to be collected from the tax would be more than sufficient to discharge the liability under the contracts." The fact that the taxpayers

had paid all that portion of the levy which the tax-collector, under the order or resolution referred to, was directed to collect, and held the collector's receipt, would not have the effect to relieve them of obligations to pay the full amount which had been regularly, and legally imposed by the levy of August 29, 1904. A tax receipt, like other receipts for money paid, is only prima facie evidence of payment, and may be explained. 27 Am. & Eng. Enc. L. (2d ed.) 752.

2. Petitioners complain that on the 28th day of March, 1906, the said board passed an order directing the tax-collector to proceed "to collect the balance of the tax of $10.00 per thousand dollars worth of taxable property, remaining uncollected under the levy of August 29th, 1904, according to the tax digest of that year, reciting that the same was necessary to discharge the liability of the county on the contracts for erecting the court-house and jail buildings." The ruling in the case of *Johnson* v. *Pinson* (supra) is a complete reply to every criticism made upon this order when allowed its proper scope and effect. It was settled in that case that the levy of August 29, 1904, was legal and proper, and that "the tax-collector should proceed to collect that portion of the tax levy of 1904 which is uncollected, on the basis of the tax digest of 1904." The order of the board, though in fact no formal order was necessary, was in exact accord with the ruling last set forth. And it was the duty of the tax-collector to comply with it. It was not a new levy or a new assessment, and did not fall within the provisions of the Political Code, § 406.

It was proper that reasonable opportunity should have been given the taxpayers to pay that portion of the levy for 1904 for the purpose of erecting the court-house and jail, before issuing tax executions against them for the same. Such evidently was the opinion of the county authorities, as is shown by the provisions, in the form of a recommendation, in the order, "That the tax-collector open his books at his office at the court-house at once, and that he remain at and keep his office open on each and every week day from this date to and including Saturday, April 14th, 1906, for the purpose of collecting taxes in accordance with the said decision and this order under the levies of August 1st, 1904, and September 28th, 1905; and also that he close his books on the said date, to wit, April 14th, 1906, and that he issue executions in terms of the law for all amounts remaining unpaid on that date."

3. It is alleged in the petition that so much of said order of August 29, 1905 (1904), of said board, levying said tax for the purpose of erecting the court-house and jail or repairing the same, was illegal and void for the reason that said tax was levied under the Political Code, § 404, whereas the power of the board "to levy a tax for the purpose of erecting necessary public buildings was regulated by section 395 of the code, which said section the said board, in levying said tax, failed entirely to comply with." There is nothing in section 395 upon which to base such a contention. It merely provides that the ordinaries (here the board of commissioners of roads and revenues) have power to levy an extra tax sufficient to carry into effect sections 351 and 352, without a recommendation of the grand jury, whenever the necessities arise. Section 351 provides that "The county buildings are to be erected and kept in order and repair at the expense of the county, under the direction of the ordinary, who is authorized to make all necessary contracts for that purpose." And section 352 provides that "It is the duty of the ordinary to erect or repair, when necessary, their respective court-houses and jails, and all other necessary county buildings, to furnish each with all the furniture necessary for the different rooms," &c. It can not be seriously contended that the evidence in this record fails to show that "the necessities" referred to in section 395 had arisen when the tax levy of August 29, 1904, was made by the county authorities of Worth county. If they had failed to make that levy, or a levy of a reasonable amount to meet the necessities of the case, the judge of the superior court of Worth county would have compelled them to do so by mandamus. Section 396. What valid reason could be assigned for holding that the mere fact that, in ordering the levy, the said board followed a form appropriate to the assessment of county taxes under section 404 rendered the levy illegal and void? None whatever. The order specified with sufficient definiteness the object and purposes for which the extra tax was levied, and the mere fact that in other separate and distinct portions of the same order, as indicated by separate and distinct paragraphs and divisions, the ordinary county taxes were duly assessed, did not have the effect of invalidating that portion of the order which was in pursuance of the powers conferred by section 395. Section 395 does not require that the extra tax should be levied by separate order. This tax is extra from the limitations

for regular current county expenses, and is for an unusual and extra purpose, but there is no requirement that it should be levied by an entirely separate and different order from the general order levying taxes; provided it is made certain as to the purpose and amount in a separate item of the general order, no harm can result to any taxpayer.

4, 5. On September 28, 1905, the county authorities levied a tax for that year, and embraced in the levy a tax to pay the legal indebtedness, and this alleged indebtedness embraced the balance due for the erection of the buildings, which the county authorities had no funds in hand to discharge, for the reason that they had failed to collect the entire levy of 1904. Suit was filed to enjoin the collection of that portion of the levy of 1905; and upon review here of the rulings of the trial judge in that case it was held that "The tax levy of 1905, so far as it was intended to raise an amount sufficient to pay the sums due under the contracts for the erection of public buildings, should have been enjoined. The tax-collector should proceed to collect that portion of the tax levy of 1904 which is uncollected, on the basis of the tax digest of 1904." *Johnson* v. *Pinson,* supra. But certain of the taxpayers of the county had paid all of the taxes due under the levy of September 28, 1905, which, so far as it sought to raise revenue for the purpose of meeting the obligations arising under the contract for the erection of the said public buildings, was void. Now when the county authorities are seeking to enforce the levy of August 29, 1904, by which it was sought to create a fund for the very purpose for which the taxes had been exacted under the said illegal levy of 1905, it can not be held that these taxpayers, who had already paid under the illegal levy, should not have credit for the amount so paid. If the amount paid for the purpose of erecting said public buildings under said illegal levy is equal to the amount which might have been exacted of a taxpayer under the levy of August 29, 1904, for the same purposes, then the taxpayers would be relieved and discharged from any liability under the levy of August, 1904. This seems to fall within the provisions of section 417. It is not necessary to decide whether under the provisions of the same section of the code the county authorities might not refund to the taxpayers the taxes illegally exacted. It would seem that they might.

From the pleadings and all the facts as they appear in the record, the trial judge might well hold that, under the levy which the county authorities were proceeding to enforce, there would not be raised a larger amount than was necessary to meet the obligations of the county which legitimately grew out of the contracts for the erection of the public buildings.

*Judgment affirmed. All the Justices concur.*